Filing # 127981228 E-Filed 06/02/2021 04:43:16 PM

IN THE COUNTY COURT, IN AND
FOR DUVAL COUNTY, FLORIDA

STEPHANIE FULMER,
        Plaintiff,                                  CASE NO:

vs.

HUNTER WARFIELD, INC. and
LOFTY ASSET MANAGEMENT, INC.,
        Defendants.
_____/

## STATEMENT OF CLAIM AND DEMAND FOR JURY TRIAL

The Plaintiff, Stephanie Fulmer ("Ms. Fulmer" or "Plaintiff"), sues the Defendants, Hunter

Warfield, Inc. ("HWI") and Lofty Asset Management, Inc. ("Lofty") and alleges:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff brings this action for damages based on Defendants' violation of the Fair

Debt Collection Practices Act, 15 U.S.C., section 1692 et seq. ("FDCPA"), the Florida Consumer

Collections Practices Act, Sections 559.55-559.785, Florida Statutes, ("FCCPA"), and for Breach

of Contract.

2.      Plaintiff is an individual residing in Duval County, Florida.

3.      HWI is a Maryland corporation with of its principal place of business located at

4620 Woodland Corporate Boulevard, Tampa, Florida 33614.

4.      HWI conducts business in the State of Florida, including Duval County, and is

engaged in the business of debt collection.

5.      Lofty is a Florida corporation registered to conduct business in the State of Florida

with a principal address of 4025 Sunbeam Road, Jacksonville, Florida 32257.

6.      Lofty is a rental investment property sales and management company.

7.      Venue is proper in Duval County because it is where the causes of action accrued, and because Lofty maintains an office for the transaction of its customary business in Duval County.

8.      Plaintiff's good faith estimate of damages does not exceed $8,000.00, exclusive of interest, costs, and attorney's fees.

9.      All conditions precedent to the institution and maintenance of this action have been performed, satisfied, or otherwise waived.

## BACKGROUND AND FACTS

10.      Prior to the inception of this action, Ms. Fulmer was a tenant at River City Landing Apartments ("River City") and, at all times relevant to this action, Lofty acted as property manager and agent for River City.

11.      On or about September 12, 2019, Lofty, on behalf of River City, filed an eviction lawsuit against Ms. Fulmer for an alleged failure to pay rent, Duval County Case Number 16-2019-CC-12552 ("Eviction Lawsuit").

12.      Plaintiff's lease at River City expired by its own terms on December 9, 2019 and Plaintiff voluntary vacated prior to that date, on or about December 4, 2019.

13.      On December 6, 2019, the Court entered an Order dismissing Lofty's claim for eviction as moot and retaining jurisdiction to determine whether an offset to rent was due Plaintiff. (See Exhibit A).

14.      On or about May 12, 2020, during the pendency of the Eviction Lawsuit, Lofty, by and through its agent HWI, contacted Plaintiff by letter in an attempt to collect a debt from her related to her tenancy at River City (See Exhibit B "Collection Letter #1").

2

15.     Plaintiff disputed she owed any money to Lofty, especially in light on the ongoing Eviction Lawsuit which now only concerned whether an offset of rent was due Plaintiff, and the account was allegedly cancelled in HWI's office and noted with a "0" balance.

16.     On June 3, 2020, Plaintiff signed a settlement agreement with the owner of River City, including Lofty as agent, whereby Lofty released Plaintiff of all claims related to her tenancy at 2611 University Boulevard North, Unit Number C107, Jacksonville, Florida 32211.

17.     Nevertheless, on June 30, 2020, Plaintiff received a second collection notice from HWI, again on behalf of Lofty, stating Plaintiff owed $3,439.41, plus 4.75% interest, to River City Landing. (See Exhibit C "Collection Letter #2")

18.     At the time Collection Letter #2 was sent both HWI and Lofty knew, as a matter of fact, and as a matter of law pursuant to the settlement between the Parties, that Plaintiff did not owe any money related to her tenancy at River City Landing.

19.     Both Lofty and HWI failed to maintain procedures reasonably adapted to avoid trying to collect a debt from Plaintiff on multiple occasions that she did not owe.

20.     Both Lofty and HWI knew at all relevant times that Plaintiff was represented by an attorney with respect to the debt and had knowledge of, or could readily ascertain, Plaintiff's attorney's name and address.

## COUNT I – FDCPA

### Violation of 15 U.S.C. §1692 "Fair Debt Collection Practices Act" by HWI

21.     Plaintiff re-alleges the allegations contained in Paragraphs 1-20 above as if fully set forth herein.

22.     This is a cause of action for violation of the FDCPA by HWI.

23.     HWI is a "debt collector" as defined under 15 U.S.C. §1692a(6).

3

24.     Plaintiff is a "consumer" as defined under 15 U.S.C. 1692a(3).

25.     The money HWI was seeking to collect is a "debt" as defined by 15 U.S.C. 1692a(5).

26.     HWI's June 30, 2020 Collection Notice was a "communication" as defined by 15 U.S.C. 1692a(2).

27.     HWI's communication with Plaintiff was in connection with the collection of a debt.

28.     HWI violated the FDCPA in at least the following material ways:

> a.  Violation of 15 U.S.C. 1692c(a)(2) by communicating with Plaintiff in connection with the collection of a debt, including but not limited to Collection Letter #2, with knowledge that Plaintiff was represented by an attorney with respect to such debt;
>
> b.  Violation of 15 U.S.C. 1692d by communicating with Plaintiff in an attempt to collect a debt, after being notified Plaintiff did not owe the debt, the natural consequence of which was to harass, oppress, or abuse Plaintiff;
>
> c.  Violation of 15 U.S.C. 1692e(2) and 1692f by falsely representing the character, amount, of legal status of the debt in Collection Letter #2 by charging interest at the rate of 4.75%, by demanding payment of a debt from Plaintiff that HWI knew she did not owe, by telling Plaintiff that her account was "past due" and she was in "delinquency" for $3,439.41.

29.     HWI's conduct directly and proximately caused, and was a substantial factor in causing, Plaintiff's damages, including but not limited to, stress, embarrassment, waste of time,

damage to reputation, frustration, loss of opportunity to apply for housing, humiliation, all in an amount to be determined by the jury.

30.     HWI's conduct in attempting to collect a debt not owed by Plaintiff, after Plaintiff resolved all claims related to her tenancy at River City, was particularly distressing as landlord tenant debts are commonly used by potential landlords in screening applicants for tenancy.

31.     Pursuant to 15 U.S.C. §1692k, Ms. Fulmer is entitled to recover her actual damages, statutory damages, costs and attorney's fees.

**WHEREFORE**, the Plaintiff respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against HWI and award the Plaintiff actual damages, statutory damages, attorney's fees, costs and such other relief to which the Plaintiff may appear entitled.

## COUNT II – FCCPA

### Violation of the "Florida Consumer Collection Practices Act" by HWI

32.     Plaintiff re-alleges the allegations contained in Paragraphs 1-20 above as if fully set forth herein.

33.     The Debt is a "consumer debt" as defined by Fla. Stat. 559.55(6).

34.     Collection Letter #2 is a "Communication" as defined by 559.55(2), the subject of Collection Letter #2 is a "Debt" or "Consumer Debt" as defined by 559.55(6), HWI is a "Debt Collector" as defined by 559.55(7) and a "Person" as contemplated by 559.72, and Plaintiff is a "Debtor" or "Consumer" as defined by 559.55(8).

35.     HWI's communication with Plaintiff through Collection Letter #2 was an attempt to collect a consumer debt.

36.    At the time HWI delivered Collection Letter #2 to Plaintiff it knew the debt was not legitimate and that it had no right to collect the debt from her or charge 4.75% interest on the debt in violation of 559.72(9) and (7).

37.    At the time HWI delivered Collection Letter #2 to Plaintiff it knew Plaintiff was represented by an attorney with respect to the debt and such communication was a violation of 55972(18).

38.    Upon information and belief, HWI also knew Plaintiff had entered into a settlement agreement with River City whereby this debt was released.

39.    Despite the foregoing, HWI attempted to collect the Debt from Plaintiff.

40.    HWI's violation of the FCCPA directly and proximately caused, and were a substantial factor in causing, Plaintiff's damages including but not limited to, stress, embarrassment, waste of time, frustration, loss of opportunity to apply for housing, humiliation, all in an amount to be determined by the jury.

41.    Pursuant to Fla. Stat. 559.77, Plaintiff is entitled to recover her actual damages, statutory damages, costs and attorney's fees.

**WHEREFORE**, the Plaintiff respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against HWI and award the Plaintiff actual damages, statutory damages, attorney's fees, costs and such other relief to which the Plaintiff may appear entitled.

## COUNT III – FCCPA

### Violation of the Florida Consumer Collection Practices Act by Lofty

42.    Plaintiff re-alleges the allegations contained in Paragraphs 1-20 above as if fully set forth herein.

43.     At all relevant times, HWI was acting within its scope and authority as agent for Lofty.

44.     Lofty is a "person" as contemplated by 559.72, the debt at issue in this case is a "consumer debt" as defined by 559.55(6) and Plaintiff is a Debtor or Consumer as defined by 559.55(8).

45.     At all relevant times Lofty knew that Plaintiff did not owe them any debt.

46.     Despite this knowledge, Lofty, through its agents, contacted Plaintiff in an attempt to collect $3,439.41 from Plaintiff, including 4.75% interest.

47.     By causing Collection Letter #2 to be delivered to Plaintiff, Lofty violated 559.72(9) and 559.72(18) because it knew the debt was not legitimate, knew that it had no legal right to collect the debt, and knew that Plaintiff was represented by an attorney with respect to the debt.

48.     Lofty's violations of the FCCPA directly and proximately caused, and were a substantial factor in causing, Plaintiff's damages including but not limited to, stress, embarrassment, waste of time, frustration, loss of opportunity to apply for housing, humiliation, all in an amount to be determined by the jury

49.     Pursuant to 559.77, Plaintiff is entitled to recover her actual damages, statutory damages, costs and attorney's fees.

**WHEREFORE**, the Plaintiff respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against Lofty and award the Plaintiff actual damages, statutory damages, attorney's fees, costs and such other relief to which the Plaintiff may appear entitled.

## COUNT IV – Breach of Contract by Lofty

50.     Plaintiff re-alleges the allegations in Paragraphs 1-49 above as if fully set forth herein.

51.     On or about June 2, 2020, Plaintiff entered into a written Settlement Agreement with Lofty, as agent of Heron Cove National, LLC, related to her tenancy at River City.

52.     The Settlement Agreement released Plaintiff of all claims related to her tenancy at River City and, among other things, prohibited Lofty from taking any further collection efforts against Plaintiff.

53.     After the Settlement Agreement had been accepted by Plaintiff, Lofty, Lofty's agents, employees, or other authorized third parties, breached the Settlement Agreement by placing the account for collections and by attempting to collect a balance from Plaintiff related to her tenancy at River City and Lofty's breach caused Plaintiff damages.

54.     The Settlement Agreement between Plaintiff and Lofty may be confidential, and, accordingly, Plaintiff has not attached a copy to this complaint but will produce a copy upon appropriate order of this Court or upon request by Lofty or Lofty's counsel.

**WHEREFORE**, the Plaintiff respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against Lofty and award the Plaintiff damages, attorney's fees as allowed by law, costs and such other relief to which the Plaintiff may appear entitled.

## JURY TRIAL DEMAND

With regard to the above causes of action, Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated this 2nd day of June, 2021.

**JACKSONVILLE AREA LEGAL AID, INC.**

/s/ Adam C. Thoresen
Adam C. Thoresen
Florida Bar No. 57675
126 West Adams Street
Jacksonville, Florida 32202
Phone:  (904) 903-4471
Fax:   (904) 224-1587
adam.thoresen@jaxlegalaid.org
jalaconsumer@jaxlegalaid.org

*Attorney for Plaintiff*

# Exhibit A

IN THE COUNTY COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

LOFTY ASSET MANAGEMENT LLC,
     Plaintiff,
vs.                            Case no. 2019-CC-12552
                               Division B
STEPHANIE FULMER,
     Defendant.
_____/



**FILED**

DEC 0 6 2019

CLERK CIRCUIT COURT

### CONSENT ORDER ON MOTION TO AMEND
### ORDER REQUIRING DEPOSIT OF RENT

    **THIS MOTION** was heard by the Court on December 4, 2019. The Court finds the issue of possession is moot as the defendant vacated her apartment.

    It is therefore:

    **ORDERED AND ADJUDGED** that the Plaintiff's claim for eviction shall be DISMISSED as moot;

    **FURTHER ORDERED AND ADJUDGED** that the defendant is relieved of the requirement to deposit rent into the registry of the Court starting with the month of December 2019;

    **FURTHER ORDERED AND ADJUDGED** that the Court will retain jurisdiction to determine whether and the amount of any offset due to defendant;

    **FURTHER ORDERED AND ADJUDGED** that the defendant shall have 14 days at the end of which she shall confer with the plaintiff and indicate if she assents to the plaintiff filing a Motion to Amend the Complaint to add a Count II. If the defendant objects, the plaintiff will file a Motion to Amend the Complaint and set the motion for hearing. If the defendant assents the plaintiff will file an amended complaint.

**FURTHER ORDERED AND ADJUDGED** that if there is a dispute regarding the return of the security deposit that is timely raised and disputed and brought before the Court, the Court shall hear that claim for purposes of judicial economy;

**DONE AND ORDERED** in Jacksonville, Duval County, Florida on this 5th day of December 2019.

Roberto A. Arias
County Court Judge

Copies to:
Suzanne Garrow
126 W. Adams Street
Jacksonville, FL 32202
Attorney for Defendant

Mitchell Ritchie
2720 Park Street, Suite 219
Jacksonville, FL 32205
Attorney for Plaintiff

# Exhibit B

HUNTER WARFIELD

4620 Woodland Corporate Blvd
Tampa, FL 33614
844-440-2806

May 12, 2020



|||||||||||||||||||||||||||||||||||||||||||||||

STEPHANIE FULMER

RIVER CITY LANDING

RIVER CITY LANDING

$3,870.00

Amount Due   $3,870.00

Please be advised that your delinquency in the amount of $3,870.00 which is owed to our client, RIVER CITY LANDING, is outstanding. This debt has been referred to us for collection. Accordingly, demand is hereby made for full payment of your past due account.

As of the date of this letter you owe $3,870.00. Because of interest at the rate of 4.75%, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you. Please contact our office for your payoff.

If you have questions regarding your account or wish to pay over the phone by check or credit card, please contact a representative at 844-440-2806; or you may log into www.payhwi.com. You will need your account number and PIN provided below.

Sincerely,
Hunter Warfield, Inc.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT.**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
**SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**



Pay on-line at www.payhwi.com. You will need your Account Number  8073037   and PIN Code 5332 .

Go paperless! Just go to www.hunterwarfield.com and click on the "Email Us" button.

Call us at 866-494-9902; if you are a New York City resident please call 866-494-7360. Hours of operation Mon-Fri 8am to 5pm EST

Pay by Mail by sending your check, money order, certified funds or credit card information along with this remittance stub.



| MC | VISA | VISA | DIS | AMEX | |
|----|------|------|-----|------|--|
| CARD/CHECK NUMBER | | | CARD EXP DATE | CVV | |

SIGNATURE

ACCOUNT NAME
STEPHANIE FULMER

CREDITOR NAME
RIVER CITY LANDING

ACCOUNT NUMBER

AMOUNT PAID

HUNTER WARFIELD

4620 Woodland Corporate Blvd
Tampa, FL 33614
844-440-2806

IF PAYING BY CREDIT CARD OR CHECK, FILL OUT ABOVE • CHECK METHOD OF PAYMENT

FEDERAL AND STATE DEBT COLLECTION LAWS AND/OR THE FAIR CREDIT REPORTING ACT REQUIRE THE FOLLOWING DISCLOSURES:

**Required by Fair Credit Reporting Act:** You have the right to inspect your credit report.

PAYMENT DISCLOSURES:

**Payment by Check:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

**Required by Fair Debt Collection Practices Act:** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of judgment and mail you a copy of such verification or judgment. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**CALIFORNIA:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collector may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in the area.

**COLORADO:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coag.gov/cac. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any further action authorized by law to collect the debt. Colorado office: Colorado Manager, Inc., Building B, 80 Garden Center, Ste 3, Broomfield, CO 80020. (303) 920-4763.

**IDAHO:** Managers can be reached at 1-866-494-9902, Mon.-Fri. 8am to 5pm, EST.

**MASSACHUSSETTS:** Send payments to Hunter Warfield of New England, Inc., 4620 Woodland Corporate Blvd., Tampa, FL 33614.   Office hours: 8am – 5pm EST, Monday – Friday.
NOTICE OF IMPORTANT RIGHTS
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE AT YOUR PLACE OF EMPLOYMENT.  ANY SUCH ORAL REQUEST WILL BE VALID FOR TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST.  YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

**MAINE:** Hours of operation are Mon. - Fri. 8am-5pm, EST. We can be reached at 866-494-9902

**MINNESOTA:** This collection agency is licensed by the Minnesota Department of Commerce.

**NORTH CAROLINA:** North Carolina Department of Insurance Permit Number 4129 and 104133.

**STATE OF NEW YORK:** In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: the use or threat of violence, the use of obscene or profane language, and repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI), social security, public assistance (welfare), spousal support including maintenance (alimony) or child support, unemployment benefits, disability benefits, workers' compensation benefits, public or private pensions, veterans' benefits, federal student loans, federal student grants, federal work study funds, and ninety percent of your wages or salary earned in the last sixty days.

**CITY OF NEW YORK:** New York City Department of Consumer Affairs License Number 1197082. Collection manager, Mike Geary, can be reached at 1-866-494-7360, Mon. - Fri. 9am to 5pm, EST.

**TENNESSEE:** This collection agency is licensed by the Tennessee Collection Services Board.

**UTAH:** As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation. We will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period.

**WISCONSIN:** This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

# Exhibit C

# HUNTER WARFIELD

4620 Woodland Corporate Blvd
Tampa, FL 33614
844-440-2806

June 30, 2020



RIVER CITY LANDING

$3,439.41

**Amount Due**  $3,439.41

STEPHANIE FULMER

Please be advised that your delinquency in the amount of $3,439.41 which is owed to our client, RIVER CITY LANDING, is outstanding. This debt has been referred to us for collection. Accordingly, demand is hereby made for full payment of your past due account.

As of the date of this letter you owe $3,439.41. Because of interest at the rate of 4.75%, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you. Please contact our office for your payoff.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of judgment and send you a copy of such verification or judgment. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you have questions regarding your account or wish to pay over the phone by check or credit card, please contact a representative at 844-440-2806; or you may log into www.payhwi.com. You will need your account number and PIN provided below.

Sincerely,
Hunter Warfield, Inc.

### THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT.
### ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
### SEE REVERSE SIDE FOR IMPORTANT INFORMATION.



Pay on-line at www.payhwi.com. You will need your Account Number  8117903   and PIN Code 6332 .

Call us at 866-494-9902; if you are a New York City resident please call 866-494-7360. Hours of operation Mon-Fri 8am to 5pm EST

Pay by Mail by sending your check, money order, certified funds or credit card information along with this remittance stub.



| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | MC | VISA | VISA | | DIS | | AMEX | | | |

CARD/CHECK NUMBER                    CARD EXP DATE    CVV

SIGNATURE

ACCOUNT NAME
STEPHANIE FULMER

ACCOUNT NUMBER

# HUNTER WARFIELD

CREDITOR NAME
RIVER CITY LANDING

AMOUNT PAID

4620 Woodland Corporate Blvd
Tampa, FL 33614
844-440-2806

IF PAYING BY CREDIT CARD OR CHECK, FILL OUT ABOVE ● CHECK METHOD OF PAYMENT

3a896265fd494509